The plaintiff seeks review, in accordance with standards prescribed by the Wunderlich Act (41 U.S.C. §§ 321, 322 (1970)), of a decision rendered by the Armed Services Board of Contract Appeals (ASBCA No. 20924) upholding an assessment of liquidated damages against the plaintiff under the provisions of a fixed-price contract with defendant for the construction of a fire station at the Altus Air Force Base. The plaintiff completed the work 61 days after the expiration of the contract time, as extended by the parties, and defendant assessed liquidated damages accordingly. The plaintiff claims that an intra-agency memorandum, not referred to in the contract, stipulated that plaintiff was to be afforded a 60-day grace period before damages would be assessed. Additionally, the plaintiff argues that contract modifications issued by defendant after the original completion date had passed acted as a waiver of the right to liquidated damages. Finally, the plaintiff claims that delays occas-sioned by late delivery of an electrical transformer, adverse weather conditions, and the change orders entitled the plaintiff to a reduction in the amount of damages. On May 18, 1978 Senior Trial Judge Mastin G. White filed a recommended opinion (reported in full at 25 CCF para. 82462) affirming the determination of the ASBCA as neither erroneous as a matter of law, fraudulent, capricious, arbitrary, so grossly erroneous as to imply bad faith, or unsupported by substantial evidence. The trial judge found the liquidated damages clause to be clear and unambiguous; thus reference could not be made to a document outside the contract. Additionally, the intra-agency memorandum clearly referred to anticipated time extensions and not a grace period. Moreover, the plaintiff was not aware of and did not rely on the memorandum when it entered into the contract. As to the waiver issue, the trial judge found the plaintiff to have presented no legal precedent or any persuasive logical argument in support of its position. Each modification, freely negotiated by the parties, extended the original completion date and *587 defendant properly computed liquidated damages from the completion date as extended. Finally, the plaintiff failed to show that the delays in question actually had an effect on performance. On January 19, 1979 the court, by order, adopted the recommended decision as the basis for its judgment in this case, denied plaintiffs request for review, denied plaintiffs motion for summary judgment, granted defendant’s cross-motion for summary judgment, and dismissed the petition.